UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| N.M.C, a minor, by her guardian, ADELEMICHELLE A. C.[1], | ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:25-cv-00057-CSW-MPB ) |
| FRANK BISIGNANO Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

### ENTRY REVIEWING THE COMMISSIONER'S DECISION

This matter is before the Court pursuant to an entry granting the Parties' consent to the Magistrate Judge's authority in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 14). Claimant, N.M.C., a minor, seeks judicial review of the Social Security Administration's ("SSA") decision denying her application for Social Security Income ("SSI") benefits under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). (Dkts. 1, 20). For the following reasons, the Commissioner's decision is **AFFIRMED**.

**I.    BACKGROUND**

Claimant filed an application for SSI benefits on May 5, 2022 (Dkt. 10-2 at 11; R. 10). The Disability Determination Bureau ("DDB") denied her claim on October 25, 2022. *Id*. Claimant requested reconsideration but was again denied on January 9, 2023. *Id*.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

Claimant filed a written request for an administrative hearing on June 9, 2023. *Id.* On November 1, 2023, Claimant appeared for a hearing, via video, before Administrative Law Judge Matthias Onderak. *Id.* On December 28, 2023, Judge Onderak issued an unfavorable decision. (*Id.* at 8; R. 7.). Claimant filed a request for review by the Appeals Council, which denied the request on January 17, 2025. (*Id.* at 2; R. 1.). Claimant then filed a complaint in this Court on March 20, 2025. (Dkt. 1.).

The ALJ applied the three-step sequential evaluation process for a child's disability claim to determine whether the Claimant met the standard for "disabled" as defined under the Social Security Act. (Dkt. 10-2 at 11; R. 10).

In his decision, the ALJ found:

- At Step One, Claimant has not engaged in substantial gainful activity since May 5, 2022, the application date (20 CFR 416.924(b) and 416.971 et seq.). (*Id.* at 12; R. 11).

- At Step Two, Claimant has following severe impairments: autism, oppositional defiance disorder, conduct and disruptive mood disorder, attention deficit hyperactivity disorder, and social pragmatic communication disorder (20 CFR 416.924(c)). (*Id.*).

- At Step Three, Claimant did not have an impairment or combination of impairments that functionally equals the severity of the listings. (20 CFR 416.924(d) and 416.926a). (*Id.* at 14; R. 13).

Ultimately, the ALJ concluded that the Claimant was not disabled as defined in the Social Security Act. (*Id.* at 21; R. 20).

## II.  STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."

*Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

A child's disability claim is analyzed under a three-step sequential evaluation process to determine whether a child claimant is disabled. 20 C.F.R. § 416.924 (2012); *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir.2007). First, if the child is engaged in substantial gainful activity, he is not disabled. 20 C.F.R. § 416.924(b). Second, if the child's impairments are not severe (i.e., causing no more than minimal functional limitations), he is not disabled. 20 C.F.R. § 416.924(c). Third, if the child's impairments meet, medically equal, or functionally equal the listings (20 C.F.R Part 404, Subpart P, Appendix 1), then he is disabled. 20 C.F.R. § 416.924(d). If the claimant is found to suffer from one or more severe impairments that meet or are medically equivalent to a listing, the ALJ must enter a finding of disability. 20 C.F.R. § 416.924(d)(1). If not, the ALJ must then consider functional equivalence. 20 C.F.R §§ 416.924(d); 416.926a. To determine whether an impairment is the functional equivalent of a listing, an ALJ evaluates its severity in six Domains: (1)

acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical wellbeing. 20 C.F.R. § 416.926a(a); (b)(1). Functional equivalence exists, and a child qualifies for benefits, if the ALJ finds a marked difficulty in two or more Domains of functioning, or an extreme limitation in one. *Id.* § 416.926a(a).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

### III.   DISCUSSION

The ALJ properly determined Claimant's impairments did not functionally equal a listed impairment. When a child disability claimant has severe impairments that do not meet or medically equal a listing, the ALJ will determine whether the child's limitations "functionally equal the listings." 20 C.F.R. § 416.926a. To functionally equal a listing, a child's impairments must result in "marked" limitations in two out of six domains of functioning or an "extreme" limitation in one out of six domains of functioning. *Id.* In assessing whether a claimant has a marked limitation, the ALJ considers how a child performs activities at home and at school compared to other children the same age as claimant who do not have impairments. 20 C.F.R. § 416.926a. The ALJ is responsible for determining functional equivalence and does so by evaluating "a child's functioning

as compared to other children their age." 20 C.F.R. § 416.926a(n); *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019).

Claimant contends the ALJ's determination of her limitations in Domain One–acquiring and using information – and Domain Two – attending and completing tasks – was erroneous.[2] (Dkt. 20 at 1). Contrary to Claimant's contention, the ALJ properly determined Claimant's limitations as less than marked limitations for both Domains.

### A. ACQUIRING AND USING INFORMATION

Claimant contends the ALJ erred in finding a less than marked limitation in Domain One and argues that the ALJ failed to properly consider teacher Tonya Kunst's assessment of Claimant's Domain One limitations. (*Id.* at 14). However, the ALJ considered Ms. Kunst's assessment, alongside the other evidence of record, in determining Claimant's Domain One limitations. (Dkt. 10-2 at 17; R. 15; Dkt. 10-2 at 20-21; R. 19-20).

While the Court reviews the ALJ's decision "to determine whether the ALJ grappled with evidence favorable to the claimant," it does not "reconsider facts, reweigh evidence, or resolve conflicts." *Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025).

In discussing Claimant's limitations in acquiring and using information, the ALJ specifically referenced Ms. Kunst's October 2022 assessment of Claimant. (Dkt. 10-7 at 81; R. 299). Her October 2022 assessment included a report that rated ten Domain One activities on a scale of one to five, with one being "no problem" and five being "a very serious problem." (Dkt. 10-7 at 81; R. 299). As discussed by the ALJ, Ms. Kunst's assessment noted that Claimant had less than a serious problem in seven out of ten categories within the Domain.[3] (Dkt. 10-2 at 18; R. 17).

---

[2] Although Claimant mentions the listing section of the ALJ's decision, she did not challenge the ALJ's conclusion that Claimant did not meet or medically equal a listing. Therefore, any such argument is waived. *See Jeske v. Saul*, 995 F.3d 583, 597 (7th Cir. 2020) (argument not raised in the district court is waived).

[3] The assessment found either a "slight problem" or "no problem" in four of the ten activities, an "obvious" problem in three of the ten activities, and a "serious" problem in three of the ten activities. (Dkt. 10-7 at 81; R. 299).

Additionally, the ALJ's findings from the record overall must be examined. The ALJ considered Claimant's education records, tests, examination results, therapy progress notes, and testimony from Claimant's mother regarding Claimant's academic performance before determining Claimant had less than a marked limitation in Domain One. *Id.* In *Hopgood*, the Court found an ALJ's failure to discuss portions of teachers' reports that were favorable to the claimant, including a teacher's report that indicated 'obvious' or 'serious' problems in six of the ten activities listed" was a basis for remand. *Hopgood ex rel. L.G. v. Astrue,* 578 F.3d 696, 700 (7th Cir. 2009). This case is unlike *Hopgood*. Here, the ALJ discussed Ms. Kunst's assessment and her conclusion that Claimant had less than a serious problem in seven out of ten categories of Domain One. Thus, not only did the ALJ consider and incorporate Ms. Kunst's assessment, the ALJ's conclusion that Claimant had less than a marked limitation was supported by information in Ms. Kunst's assessment. Claimant's belief that Ms. Kunst's assessment should result in a finding of a marked limitation in Domain One is nothing more than asking this Court to come to a different conclusion than the ALJ. This Court will not reweigh evidence.

Additionally, Claimant argues the ALJ was required to explain his purported disagreement with Ms. Kunst's assessment (Dkt. 20 at 15), because Ms. Kunst is a nonmedical source. However, the ALJ is not required to specifically articulate how he considered or otherwise evaluated her assessment because she is a nonmedical source. *See* 20 C.F.R. § 416.902(j)(2) (educational personnel are nonmedical sources); 20 C.F.R. § 404.1520c(d) ("We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section."). Accordingly, the ALJ properly accounted for Ms. Kunst's assessment alongside the other evidence of record before determining Claimant had less than a marked limitation in Domain One. There is no basis for remand of this finding.

### B. ATTENDING AND COMPLETING TASKS

Similarly, Claimant argues the ALJ failed to properly consider Ms. Kunst's assessment regarding Domain Two—attending and completing tasks. (Dkt. 20 at 13). Claimant contends that the ALJ erred in finding a less than marked limitation for Domain Two.

The Court cannot agree. As discussed above, the ALJ properly considered Ms. Kunst's assessment, alongside the other evidence of record, in determining Claimant's Domain Two limitations. (Dkt. 10-2 at 18-19; R. 16-17). The ALJ discussed Ms. Kunst's assessment of Claimant's Domain Two limitations and noted Claimant had less than a serious problem in eight out of ten categories. *Id*. The ALJ also considered Claimant's education records and therapy progress notes, before concluding that Claimant had a less than marked limitation in Domain Two. *Id*. The ALJ is not required to further articulate how he considered the assessment from a nonmedical source. *See supra*. Claimant invites this Court to reweigh the evidence, but the Undersigned declines to do so. The ALJ's interpretation of the evidence of record regarding Claimant's limitations was well-supported, both by the ALJ's reasoning and the record.

### IV. CONCLUSION

For the foregoing reasons, the ALJ's decision is **AFFIRMED**.

**SO ORDERED** this 19th day of December 2025.

_____
Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distributed electronically to all ECF-registered counsel of record.**